J-S03023-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANDREW CLAIR WHITE | : | |
| | : | |
| Appellant | : | No. 675 WDA 2020 |

Appeal from the Judgment of Sentence Entered March 2, 2020
In the Court of Common Pleas of Westmoreland County Criminal Division
at No(s): CP-65-CR-0000241-2018

BEFORE:   DUBOW, J., MURRAY, J., and STRASSBURGER, J.[*]

MEMORANDUM BY MURRAY, J.:                    **FILED: MARCH 12, 2021**

Andrew Clair White (Appellant) appeals from the judgment of sentence imposed after a jury found him guilty of two counts of fleeing or attempting to elude an officer[1] and the trial court found Appellant guilty of reckless driving and obedience to traffic control devices.[2, 3]  After review, we affirm.

The trial court summarized the facts and procedural history:

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S.A. § 3733(a).

[2] 75 Pa.C.S.A. §§ 3736(a) and 3111(a).

[3] Our Court has recognized that a criminal defendant who has been charged with both a summary offense and a felony offense may be placed in the unusual situation of having a trial before two separate fact-finders – a jury on the felony charge and a trial judge on the summary charge.  ***See e.g. Commonwealth v. Barger***, 956 A.2d 458, 459 (Pa. Super. 2008).  Here, the Commonwealth charged Appellant with both summary and felony offenses, which were tried before two different fact-finders.

The instant case arises out of an attempted traffic stop and subsequent police chase of a Silverado truck on February 25, 2017 in Derry Township, Westmoreland County. Following termination of the pursuit, [Appellant] was identified as the registered owner of said vehicle and believed to be the operator at the time of the police pursuit. During trial, Pennsylvania State Police Trooper Travis November testified relative to his involvement with this case. Trooper November testified that on February 25, 2017, while on patrol accompanied by Trooper Zachary Ochap, he observed a red Silverado truck in front of him commit multiple violations of the motor vehicle code. Specifically, Trooper November indicated that he observed the vehicle follow too closely behind the preceding vehicle, travel through a stop sign without coming to a complete stop, and pass another vehicle over a double yellow line while traveling at a high rate of speed. Upon making these observations, Trooper November testified that he activated his lights and sirens and began to pursue the vehicle. After catching up with the vehicle, Trooper November indicated that the vehicle stopped at a stop sign, and he attempted to conduct a traffic stop.

During the initial stop, Trooper November testified that he shined a spotlight inside the vehicle in the direction of the side-view mirror, and he was able to observe the operator. Specifically, Trooper November indicated that he observed a white male with a beard and a mustache who appeared "bigger." However, he indicated that the operator did not put the vehicle in park, which appeared "a little bit suspicious," and the vehicle took off once again. Trooper November stated that they followed the vehicle, which was traveling "all over the roadway" and called dispatch to report the license plate number.

Due to Trooper November's concern for other vehicular traffic on the roadway at that time, he asked his corporal permission to perform a pit maneuver, which is a maneuver used to make another vehicle spin out for the purpose of stopping a pursuit. Trooper November testified that he was advised not to conduct the maneuver out of concern for the safety of others, and he continued to follow the vehicle on back roads where he observed the vehicle begin to travel at unsafe speeds in excess of 80 to 90 miles per hour while approaching State Route ("SR") 22. Trooper November indicated that he continued to pursue the vehicle onto

SR 22 and traveled over one hundred miles per hour in an attempt to catch up with the vehicle.

Despite Trooper November's best efforts, he was unable to locate the vehicle at that time. Following the unsuccessful pursuit, dispatch relayed that the vehicle was registered to [Appellant], and after reviewing [Appellant's] driver's license photograph, Trooper November confirmed that he observed [Appellant] operating the vehicle during the pursuit. At this point, Trooper November testified that he and Trooper Ochap traveled to [Appellant's] registered address in Saltsburg. After determining that the vehicle was not present at the residence and no one was home, Trooper November indicated that they backtracked down the roadway where they believed that the vehicle may have been traveling and eventually discovered the suspected vehicle abandoned, crashed into an embankment.

Trooper Ochap, of the Pennsylvania State Police, also testified relative to his involvement with Appellant. Trooper Ochap testified that while on patrol with Trooper November on February 25, 2017, they encountered [Appellant's] vehicle in the early morning hours in Derry Township and began to pursue the vehicle. Trooper Ochap indicated that while attempting to conduct a traffic stop, he observed a white male with facial hair put his hand up and lean back in an attempt to shield his face from the troopers. Further, Trooper Ochap explained that during the continued pursuit, he observed the operator of the vehicle in the side mirror while making a turn from 982 to Pittsburgh Street. After calling in the license plate number and being provided with the name of the registered owner as "Andrew White of Saltsburg," Trooper Ochap indicated that he reviewed the image provided, and it resembled the operator that he observed earlier.

Trooper Ochap confirmed that he and Trooper November located [Appellant's] vehicle on Rushwood and Stevenson Road at 3:20 a.m., and the vehicle sustained front end damage to the bumper and front driver's side tire, which prevented the vehicle from moving. Subsequently, Trooper Ochap testified that the vehicle was towed and taken to Zeb's Towing impound yard on the same day. Trooper Ochap denied receiving any information that the vehicle was reported stolen or that there was any unauthorized use of said vehicle. Trooper Ochap indicated that during the flight and pursuit of the vehicle, the pursuit posed dangers to himself and Trooper November. Namely, Trooper Ochap expressed

concerns regarding the rate of speed (i.e. in excess of 80 to 100 miles per hour), rocks on the roadway, deer on the roadway, sharp turns, etc. A dash cam video from Trooper November's police cruiser was admitted at trial as Commonwealth's Exhibit 8. [Appellant] elected not to testify at trial.

PROCEDURAL HISTORY

On October 12, 2017, a Criminal Complaint was filed against [Appellant] charging him with two counts of Fleeing or Attempting to Elude an Officer, in violation of 75 Pa.C.S.A. § 3733(a) and related summary offenses. During trial, [Appellant] was represented by Attorney Michael Garofalo. On December 3, 2019, the jury returned a verdict of guilty of the two charges before them. Additionally, the [trial c]ourt found [Appellant] guilty of Counts Three and Four and not guilty of Counts Five and Six.[4] On March [2], 2019, [Appellant] was sentenced at Count One, to serve five (5) years probation and perform 100 hours of community service. Count Two merged with Count One for purposes of sentencing. At Count Three, [Appellant] was ordered to pay a $200.00 fine and costs and fees, and at Count Four, [Appellant] was ordered to pay a $150.00 fine and costs and fees. On the same day, Attorney Garofalo was permitted to withdraw as counsel, and Attorney Kenneth Noga was appointed to represent [Appellant] on appeal. On March 9, 2020, [Appellant], through newly retained counsel, filed a Post-Sentence Motion challenging the sufficiency of the evidence and the weight of the evidence. A hearing was scheduled before [the trial court] on June 18, 2020, at which time the Court denied [Appellant's] Post-Sentence Motion.

Trial Court Opinion, 9/9/20, at 1-4 (citations omitted).

On July 2, 2020, Appellant filed a timely appeal, and on July 8, 2020, the trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant filed his

---

[4] The trial court found Appellant guilty of reckless driving at Count Three and obedience to traffic control devices at Count Four. The trial court found Appellant not guilty of passing on the left in an unsafe manner, 75 Pa.C.S.A. § 3305, at Count Five, and following too closely, 75 Pa.C.S.A. § 3310(a), at Count Six.

Rule 1925(b) statement on July 10, 2020, in which he raised the following issues:

1. The Court erred in determining the jury's verdicts in this matter were supported by sufficient evidence.

2. The Court erred in determining the jury's verdicts in this matter were not against the weight of the evidence.

Pa.R.A.P. 1925(b) Statement, 7/10/20, at ¶1-2.

In his first issue, Appellant challenges the sufficiency of the evidence. Our scope and standard of review is well-settled:

> [O]ur standard of review of sufficiency claims requires that we evaluate the record in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty. [T]he facts and circumstances established by the Commonwealth need not be absolutely incompatible with the defendant's innocence. Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

***Commonwealth v. Franklin***, 69 A.3d 719, 722 (Pa. Super. 2013) (citations and quotation marks omitted).

"[T]o preserve their claims for appellate review, appellants must comply whenever the trial court orders them to file a Statement of [Errors] Complained of on Appeal pursuant to [Rule] 1925. [As a general rule, a]ny issues not raised in a [Rule] 1925(b) statement will be deemed waived."

***Commonwealth v. Castillo***, 888 A.2d 775, 780 (Pa. 2005) (quoting

***Commonwealth v. Lord***, 719 A.2d 306, 309 (Pa. 1998)). "If [an appellant]

wants to preserve a claim that the evidence was insufficient, then the [Rule]

1925(b) statement needs to specify the element or elements upon which the

evidence was insufficient." ***Commonwealth v. Manley***, 985 A.2d 256, 262

(Pa. Super. 2009); ***see also Commonwealth v. Williams***, 959 A.2d 1252,

1257-58 (Pa. Super. 2008) (finding waiver of sufficiency of evidence claim

where the appellant failed to specify in Rule 1925(b) statement the elements

of particular crime not proven by the Commonwealth).

Here, Appellant failed to specify in his Rule 1925(b) statement, which

element or elements of the crimes were not proven by the Commonwealth.[5]

Consequently, Appellant waived his challenge to the sufficiency of the

evidence. ***Manley***, 985 A.2d at 262; ***Williams***, 959 A.2d at 1258.

In his second issue, Appellant claims the verdicts were against the

weight of the evidence. Appellant's Brief at 8-12. Appellant essentially argues

---

[5] In his brief, Appellant asserts, "With respect to the six (6) charges at trial, each requires the Commonwealth prove the Appellant was in fact operating the suspect motor vehicle during the alleged incidents." Appellant's Brief at 13. Appellant contends the Commonwealth failed to prove this element of each crime because the trooper's identification of him as the operator of the motor vehicle "is wanting." *Id.* at 14. However, Appellant never presented this challenge to the trial court, *i.e.*, the trial court was left to guess which element was allegedly not supported with sufficient evidence.

that the jury should have credited his testimony rather than the testimony of the Commonwealth's witnesses. *Id.* Specifically, Appellant argues:

> Despite the Troopers lack of ability to make a clear identification, they did not hesitate to confirm the Appellant was the driver when shown a picture of the vehicle's owner, the Appellant. This identification was made with only the view of the driver's reflection and the momentary – but obstructed – view while beside the suspect vehicle. Indeed, this identification was made only after being shown a picture of the Appellant, a person Trooper Ochap was previously familiar with, but he was unable to make that identification while in pursuit.

Appellant's Brief at 10.

> We have explained:

> When considering challenges to the weight of the evidence, we apply the following precepts. "The weight of the evidence is exclusively for the finder of fact, who is free to believe all, none or some of the evidence and to determine the credibility of the witnesses." *Commonwealth v. Talbert*, 129 A.3d 536, 545 (Pa. Super. 2015), *appeal denied*, 635 Pa. 773, 138 A.3d 4 (2016) (quotation marks and citation omitted). Resolving contradictory testimony and questions of credibility are matters for the finder of fact. *Commonwealth v. Hopkins*, 747 A.2d 910, 917 (Pa. Super. 2000). It is well-settled that we cannot substitute our judgment for that of the trier of fact. *Talbert, supra*, at 546.

> Moreover, "Appellate review of a weight claim is a review of the exercise of discretion, not the underlying question of whether the verdict is against the weight of the evidence." *Id.* at 545–46. "Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is [or is not] against the weight of the evidence." *Id.* at 546. "One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice." *Id.*

Furthermore, "in order for a defendant to prevail on a challenge to the weight of the evidence, the evidence must be so tenuous, vague and uncertain that the verdict shocks the conscience of the court." *Id.* (quotation marks and citation omitted).

"[A] true weight of the evidence challenge concedes that sufficient evidence exists to sustain the verdict but questions which evidence is to be believed." *Commonwealth v. Thompson*, 106 A.3d 742, 758 (Pa. Super. 2014). For that reason, the trial court need not view the evidence in the light most favorable to the verdict winner, and may instead use its discretion in concluding whether the verdict was against the weight of the evidence. *Commonwealth v. Widmer*, 560 Pa. 308, 744 A.2d 745, 751 n.3 (2000).

*Commonwealth v. Miller*, 172 A.3d 632, 642-43 (Pa. Super. 2017).

The Commonwealth argues that Appellant waived his challenge to the weight of the evidence because he does not apply the appropriate standard of review. Commonwealth Brief at 4. The Commonwealth notes that rather than arguing that the trial court abused its discretion, Appellant essentially seeks to have this court apply a *de novo* standard of review and reweigh the evidence presented at trial. *Id.* The Commonwealth contends that because Appellant's argument is not sufficiently developed, it is waived. *Id.* While we do not disagree, we decline to find Appellant's argument waived on this basis, and address the merits of Appellant's weight claim.

The trial court explained:

In the present case, this [c]ourt finds that all of the evidence that the jurors had available to them was in support of the verdict rendered. Through the duration of the trial, the jurors considered the evidence presented by the Commonwealth, namely the testimony of Trooper November, who testified that he observed the operator of the truck commit multiple violations of the motor vehicle code and he activated his police cruiser's lights and sirens

in order to conduct a traffic stop, evidence that [Appellant] was the registered owner of the truck; testimony from the troopers that they observed the operator of the vehicle during their pursuit and their observations subsequently matched the driver's license image of [Appellant] when they were later provided said image through dispatch; the testimony of Trooper Ochap, who testified that the operator of the vehicle attempted to conceal his appearance by placing his hand up and leaning back in his seat; the reckless manner and rate of speed in which the vehicle was traveling; the troopers' testimony evidencing that when they traveled to [Appellant's] residence immediately after ending the pursuit, neither [Appellant] nor his truck were present; the ultimate discovery and location of the vehicle; the time in which said vehicle was discovered; and the dashcam video evidence.

Based upon this [c]ourt's review of the entire record, this [c]ourt does not find that the jury's verdict is inconsistent or so contrary to the evidence as to shock this [c]ourt's sense of justice. The jury was certainly capable of determining whether to believe all, part, or none of the evidence with respect to whether the Commonwealth met its burden at each count and to determine the credibility of each witness.

Trial Court Opinion, 9/9/20, at 8.

Upon review of the record, we agree with the trial court. Trooper November testified that after he initiated the traffic stop, he "shined [ ] one of [his] spotlights, which is hand operated, inside the vehicle, onto the vehicle in front of [him] at the side-view mirror. At which time [he] could see the operator in the mirror, which is very, a lot more clear than [the dashcam] video is going to show to the naked eye . . ." N.T., 12/3/19, at 105. Trooper November described the occupant of the vehicle as "a white male with a beard and mustache. I would say bigger, not super heavier set, but not thin build either." *Id.* at 106.

Likewise, Trooper Ochap testified that despite Appellant's attempt to hide his face, Trooper Ochap observed a "white male" with "facial hair"; he also stated he had "seen a side mirror of the operator of the vehicle." N.T., 12/3/19, at 142. Trooper Ochap immediately confirmed that Appellant was the driver of the vehicle after being shown his image through dispatch. *Id.* at 144. Trooper Ochap's identification was further supported by Trooper Ochap's testimony that he was familiar with Appellant and had met him before. *Id.* Finally, Trooper Ochap stated with certainty during his in-court identification of Appellant that Appellant was the driver of the Silverado truck. *Id.*

In sum, Appellant essentially asks us to reassess the credibility of the troopers and reweigh the testimony and evidence presented at trial; however, it is not our role as an appellate court to do so. Our review of the record shows that the evidence is not tenuous, vague or uncertain, and the verdicts were not so contrary to the evidence as to shock the court's conscience. Therefore, we find no abuse of discretion in the trial court's denial of Appellant's challenge to the weight of the evidence.

Judgment of sentence affirmed.

Judge Dubow joins the memorandum.

Judge Strassburger did not participate.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  3/12/2021